UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROAD WIDENER, LLC,

      Plaintiff,

v.

ROBERT H. FINKE & SONS, INC.,

      Defendant.

Civil Action No. 1:20-cv-160 (DNH/TWD)

---

## COMPLAINT

---

Plaintiff Road Widener, LLC, by and through its local attorneys, Hodgson Russ LLP, for its Complaint against the Defendant Robert H. Finke & Sons, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1. This is a civil action for patent infringement, in violation of 35 U.S.C. § 271(a).

2. Road Widener, LLC is a Wisconsin limited liability company with its principal place of business located at 612 N. Sawyer Road, Oconomowoc, Wisconsin, 53066.

3. On information and belief, defendant Robert H. Finke & Sons, Inc. ("Defendant") is a New York corporation with its principal place of business located at 1569 US9W, Selkirk, NY, 12158.

4. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides in, and has its principal place of business in,

this State and this District, and it regularly transacts business in, and has continuous and systematic contacts in, the State of New York.

5. Because this is an action for infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, on information and belief, Defendant resides in this district.

### Background

7. On December 4, 2012, U.S. Patent No. 8,322,947, entitled "Flexible skid steer attachment device," was duly and legally issued by the United States Patent & Trademark Office, from Application Serial No. 12/813,770, which was filed on June 11, 2010.

8. On July 31, 2018, U.S. Patent No. RE46,971 (the " '971 Patent"), a reissue of U.S. Patent No. 8,322,947, was duly and legally issued by the United States Patent & Trademark Office, from Application Serial No. 14/560,816, which was filed on December 4, 2014, within two years of the issue of U.S. Patent No. 8,322,947. A copy of the '971 Patent is attached to this Complaint as **Exhibit A** and incorporated as though fully set forth herein.

9. Road Widener is the owner by assignment of the '971 Patent and possesses all rights to enforce the '971 Patent.

10. The '971 Patent is directed to a flexible skid steer road widening and shouldering attachment device with an adjustable spreader system.

11.     Road Widener practices the '971 Patent through numerous of its own products, including its FH and FH-R Single Discharge Models. These products attach to a skid steer and function to widen roads through the addition of a shoulder more efficiently and cost-effectively than traditional road wideners. The FH-R Single Discharge Model is pictured below:



12.     Road Widener's skid steer attachment employs a hopper with angled walls that receive debris; the angle of the walls slows the speed and force of the falling debris and helps to minimize the impact on the conveyer belt at the bottom of the hopper. Pictured below is the far end of the hopper:



13. The debris is deflected downward onto a conveyer belt by a vertical drop component at the bottom of the hopper's angled walls, ensuring that debris does not fall onto the belt laterally and misalign it. A close-up of that vertical drop component appears below.



14. The conveyer belt itself is several inches narrower than the pulley with which it operates, again averting the potential for misalignment and the need for a time-intensive realignment process. The pulley extending beyond the belt appears in the photograph below.

4



15. Debris proceeds down the conveyer belt by means of a hydraulic power system until it reaches the vertical discharge wall, shown below. The wall through which the debris passes is the only hopper wall that is fully vertical.



16. The debris then exits the hopper through the opening and is deposited on the new shoulder through the unit's spreader system shown below.



17. The unit includes a universal mounting plate, so that it can be attached to virtually any brand of skid steer.



18. Tandem casters allow for the attachment to move and maneuver, while adjustable contact rollers contact the back tires of a truck dispensing debris during operation.



19. The invention of the '971 Patent is more portable, flexible, and maneuverable than traditional road wideners, without sacrificing the resilience and

6

productivity of larger machines. It allows state and municipal highway departments, road and highway contractors, utility contractors, and landscapers to accomplish a broad range of aggregate dispersal-related tasks, at an extremely low cost-to-ton ratio.

20. The Road Widener FH Single Discharge Model and its FH-R Single Discharge Model were introduced into the United States market on or around June 1, 2009.

## The Infringing Product

21. In 2015, Stabilcorp Pty Ltd, an Australian road construction company, introduced the ShoulderMaster skid steer shoulder paving attachment.

22. On information and belief, in order to design and develop the ShoulderMaster, Stabilcorp directly copied Road Widener's patented skid steer attachment.

23. Indeed, as Road Widener has developed and released additional improvements to its skid steer attachments, on information and belief, Stabilcorp has proceeded to copy and release those improvements for the ShoulderMaster attachment as well.

24. The ShoulderMaster comprises each and every element of at least claims 1, 10, and 15 of the '971 Patent. Detailed claim charts are attached to this Complaint as **Exhibit B** and incorporated as though fully set forth herein.

25. More specifically, the ShoulderMaster is a resilient skid steer attachment that comprises the various improvements claimed in the '971 Patent, including but not limited to tandem casters and an improved hopper design with angled walls and a deflection component.

26. The ShoulderMaster comprises a tubular steel support frame, supported by at least two support brackets.

27. The ShoulderMaster comprises a conveyer system comprised of a conveyer belt and a pulley at least two inches wider than the belt, with the pulley including metal teeth at the edges to facilitate a chain drive.

28. The ShoulderMaster comprises a hopper with a plurality of angled walls that receive debris at an angle that minimizes the debris's impact on the conveyer belt, and which include a vertical deflection component for directing debris downward onto the conveyer belt.

29. The ShoulderMaster's hopper includes a single vertical wall at the end toward which the conveyer belt carries debris.

30. The ShoulderMaster includes a hydraulic power system to power the conveyer system.

31. The ShoulderMaster includes a spreader system, with one wall extending from the support frame, and a second wall extending at an angle from the first wall.

32. At one end of the support frame, the ShoulderMaster features a plurality of tandem casters and at least one contact roller configured for engagement with a rear wheel of a truck.

33. At the other end of the support frame, the ShoulderMaster comprises a universal mounting plate for engagement with a skid steer.

**Infringement**

34. On information and belief, before November 2019, Stabilcorp did not make, offer for sale, or sell the ShoulderMaster in the United States.

35. In or about March of 2018, Stabilcorp performed a "soft launch" of its original ShoulderMaster 1500 product at the World of Asphalt 2018 in Houston, Texas.

36. On information and belief, in or about April of 2019, Defendant and Stabilcorp began discussing the possibility of Defendant becoming a ShoulderMaster dealer in the United States.

37. On or about November 5, 2019, the new ShoulderMaster 2100 officially launched in the United States. On information and belief, Defendant is the sole United States distributor of the ShoulderMaster.

38. Defendant is presently importing, offering for sale, and selling the infringing ShoulderMaster devices in the United States.

39. Road Widener notified Defendant by letter of the '971 Patent and of the infringement by the ShoulderMaster device on or about November 4, 2019. Additionally, Defendant was notified of the infringement in person on November 5, 2019, at Defendant's launch event.

40. On information and belief, Defendant was aware of the '971 Patent and of the ShoulderMaster's infringement of that patent no later than November 4, 2019. Nevertheless, Defendant has refused to cease its infringing activities.

## COUNT I
## Infringement of the '971 Patent

41. Road Widener repeats and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Without permission or authorization from Road Widener and in violation of 35 U.S.C. § 271(a), Defendant is offering to sell, selling, and/or importing into the

United States certain skid steer attachments under the brand name ShoulderMaster. Those skid steer attachments infringe at least claims 1, 10, and 15 of the '971 Patent.

43. Defendant's infringement of the '971 Patent is willful and deliberate.

44. As a direct and proximate result of Defendant's conduct, Road Widener has suffered and will continue to suffer substantial injury and damages in an amount to be determined at trial, as well as irreparable harm for which Road Widener has no adequate remedy at law unless Defendant is enjoined from infringing the '971 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Road Widener prays for the following relief:

a. A judgment in Road Widener's favor that Defendant has infringed the '971 Patent;

b. A preliminary and permanent injunction enjoining Defendant and its agents, officers, directors, employees, and all persons in privity or active concert or participation with them, directly or indirectly, from importing, selling or offering for sale the ShoulderMaster product or otherwise infringing the '971 Patent;

c. A judgment and award that Defendant account for and pay to Road Widener damages adequate to compensate for its infringement of the '971 Patent, including lost profits, but in any event no less than a reasonable royalty;

d. A judgment and award of any supplemental damages sustained by Road Widener for continuing post-verdict infringement of the '971 Patent until entry of final judgment;

e. A judgment that Defendant's infringement of the '971 Patent is willful;

f. An award of treble damages due to the willful and deliberate nature of Defendant's infringement;

g. An order finding this case to be exceptional under 35 U.S.C. § 285 and awarding Road Widener its costs, expenses, and disbursements incurred in this action, including reasonable attorney fees, as permitted by law;

h. An award of prejudgment interest, post-judgment interests, and costs; and

i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Road Widener demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

DATED: February 18, 2020
Albany, New York

**HODGSON RUSS LLP**
*Local Attorneys for Plaintiff*

By: */s/ Christian J. Soller*
   CHRISTIAN J. SOLLER
   Bar Roll No.: 106248
677 Broadway, Suite 301
Albany, New York 12207
Email: cjsoller@hodgsonruss.com
Phone: (518) 465-2333


Paul J. Stockhausen
WI State Bar ID No. 1034225
pstockhausen@reinhartlaw.com
David G. Hanson
WI State Bar ID No. 1019486
dhanson@reinhartlaw.com
Jessica Hutson Polakowski
WI State Bar ID No. 1061368
jpolakowski@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Attorneys for Plaintiffs
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Telephone: 608-229-2200
Facsimile: 608-229-2100